OPINION OF THE COURT
Beverly S. Cohen, J.
Plaintiff sued for damages for false imprisonment. On December 24, 1974, he was in defendant’s retail store examining hats in the men’s furnishings department.
While in Bloomingdale’s, he was stopped by a security guard after he had left the men’s department with an unpurchased hat in his possession.
There was conflicting testimony at the trial as to the location of the plaintiff at the time he was stopped and as to the location of the merchandise.
Plaintiff testified that the hat was in his hand and that he *209 had just stepped into the adjoining department to find his companions and show them the hat.
Defendant’s guard, Mr. McDonald, testified that plaintiff was at least 25 feet into the next department, headed for an exit door with the hat on his head. The hat, he said, had borne a paper price tag stuck onto its band when he first observed it, but the price tag was not on the hat when the plaintiff left the men’s department.
There is no dispute, however, that thereafter plaintiff was stopped by Mr. McDonald, and at Mr. McDonald’s request accompanied him to the security department offices. There, as Mr. McDonald testified, he searched plaintiff; checked by phone with the men’s furnishings department to ascertain the price of the hat; filled out forms, which he presented to plaintiff for his signature; reported the matter to his supervisor for review; took Mr. Johnson to another room and photographed him and fingerprinted him. Plaintiff was then escorted to an exit and released. No criminal charges were brought by defendant. Nor were the police contacted.
Defendant relies on section 218 of the General Business Law to justify its detention of plaintiff. This statute, enacted in 1960 to stem the then estimated $25,000,000 economic loss caused by shoplifting (NY Legis Ann, 1960, p 146), gives store owners a limited privilege to detain persons reasonably suspected of shoplifting. The law at the same time limits the manner of detention and the length of detention to "reasonable” standards set forth in the statute.
Section 218 provides as follows: "Defense of lawful detention. In any action for false arrest, false imprisonment, unlawful detention, defamation of character, assault, trespass, or invasion of civil rights, brought by any person by reason of having been detained on or in the immediate vicinity of the premises of a retail mercantile establishment for the purpose of investigation or questioning as to the ownership of any merchandise, it shall be a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer or by the owner of the retail mercantile establishment, his authorized employee or agent, and that such peace officer, owner, employee or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny on such premises of such merchandise. As used in this section, 'reasonable *210 grounds’ shall include, but not be limited to, knowledge that a person has concealed possession of unpurchased merchandise of a retail mercantile establishment, and a 'reasonable time’ shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise. ” (Emphasis supplied.)
After trial, the jury rendered a verdict in favor of defendant. Plaintiff moved to set aside the verdict. That motion is granted to the extent that the court, pursuant to CPLR 4404, grants judgment in favor of plaintiff on the grounds that plaintiff is entitled to judgment as a matter of law in that the detention of plaintiff by defendant was not reasonable in manner or in length of time under section 218 of the General Business Law, or otherwise, and directs a new trial on the issue of damages only.
The verdict implies a finding that the defendant had reasonable grounds to believe plaintiff was committing or attempting to commit larceny, and that the plaintiff was detained in a reasonable manner and for a reasonable time.
The evidence, in the testimony of defendant’s witness, was sufficient to support a finding that defendant had reasonable grounds for detaining plaintiff.
The evidence does not support a findng that the detention was conducted in a reasonable manner and for not more than a reasonable time.
Section 218 refers to detention "for the purpose of investigation or questioning as to the ownership of any merchandise”. "[Reasonable time” is specifically defined therein as "the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise.” A "reasonable manner” would encompass conduct by the merchant consistent with the purpose of the detention.
The statute enables a store owner to do all those things necessary for him to protect his property; to establish whether or not shoplifting has occurred or has been attempted and whether or not the detainee is going to make a statement. Those actions are required for the store owner to determine whether or not to prefer criminal charges. As to those actions, the statute gives him protection.
*211 When the store owner goes beyond those acts and as here, embarks on conduct which does not fall within the statutory purpose, the detention is ipso facto no longer reasonable in manner and exceeds a reasonable time.
After plaintiff had signed whatever statement he signed, after defendant had completed its checking on the merchandise and defendant made its decision to release plaintiff without calling the police, any further detention was unreasonable.
The statute does not permit a store owner to detain a person for the purpose of compiling fingerprint and photograph records for its own unregulated, unlimited and unknown purposes. Defendant’s witness, Mr. McDonald, testified that it is defendant’s practice to photograph and fingerprint all persons detained by the store under section 218 whether or not Bloomingdale’s intends to prosecute and whether or not its employees believe that shoplifting was being attempted.
These photographs and fingerprints continue to be in the possession and control of defendant. This is not reasonable in view of the provisions for the return of fingerprints to a person arrested, upon termination of a criminal action in his favor (Civil Rights Law, § 79-e), and the limitations on fingerprinting as a condition of employment (Labor Law, § 201-a).
The right to detain a person for investigation of his possible shoplifting activities does not include the right to fingerprint or photograph, as those acts are not necessary to accomplish the statutory purposes.
Defendant’s conduct was unreasonable and constituted false imprisonment as a matter of law.